UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID WURTZBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18 CV 99 CDP |
| | ) | |
| BUHLER VERSATILE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

After experiencing problems with his new tractor, plaintiff brought claims against the tractor's manufacturer (Buhler Versatile) and its seller (Quincy Tractor) under Missouri's "lemon law" for farm equipment, Mo. Rev. Stat. § 407.585. Defendants moved for summary judgment, arguing in part that plaintiff's claims were time-barred under the statute's limitations period. Plaintiff then settled with defendant Buhler and dismissed his claim against Buhler with prejudice by stipulation filed on October 21, 2019. (Doc. 44). Plaintiff now seeks to dismiss his remaining claim against Quincy without prejudice so that he may pursue other claims against Quincy relating to the sale of the tractor. Quincy opposes dismissal, arguing that dismissal would deprive it of its valid statute of limitations defense to plaintiff's statutory claim.

Where, as here, a defendant has moved for summary judgment, absent a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court's decision to grant a plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2) is reviewed for abuse of discretion. *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way." *Kern v. TXO Production Corp.*, 738 F.2d 968, 971 (8th Cir. 1984). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id.* However, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Mullen*, 770 F.3d at 728 (internal quotation marks and citation omitted).

"When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen*, 770 F.3d at 728 (internal quotation marks and citation

omitted); *see also Paulucci*, 826 F.2d at 783 (courts consider "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." *Kern*, 738 F.2d at 972. The absence of a justification for the proposed dismissal may warrant denying a plaintiff's motion for dismissal without prejudice pursuant to Rule 41(a)(2). *Paulucci*, 826 F.2d at 783; *Hamm v. Rhone–Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 951 (8th Cir. 1999).

Here, plaintiff concedes that his statutory claim under Mo. Rev. Stat. § 407.585 is likely time-barred. However, he seeks to dismiss this claim so that he may pursue other, non-statutory claims against Quincy relating to the sale of the tractor which are not barred by the applicable statute of limitations. Plaintiff alleges that he uncovered these claims during the course of discovery, and that the narrow scope of the statute would not permit him to seek relief for these alleged injuries.

Quincy opposes dismissal, arguing that a dismissal without prejudice would legally prejudice it by depriving it of a viable statute of limitations defense. It is true that "[t]he Eighth Circuit has found legal prejudice . . . when dismissal would cause the loss of a material advantage the resisting party would enjoy only if the pending action were to continue," such as the loss of a proven, valid statute of limitations defense. *United States v. Thirty–Two Thousand Eight Hundred Twenty Dollars & Fifty Six Cents ($32,820.56) in U.S. Currency*, 106 F. Supp. 3d 990, 997 (N.D. Iowa 2015) (citing *Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993)). Despite that pronouncement, the Eighth Circuit's decision in *Metropolitan Fed. Bank of Iowa, F.S.B.* does not preclude dismissal in this case.

Plaintiff has stated that he has no intention of bringing another claim against Quincy under Missouri's "lemon law." Instead, he intends to pursue other claims relating to the sale of the tractor that do not arise under the narrow purview of the statute. Importantly, if plaintiff ever attempted to bring another claim under Mo. Rev. Stat. § 407.585, dismissal of this case would not preclude Quincy from again asserting the statutory limitations period as a valid defense. As the limitations period is contained within the statute, the dismissal and subsequent refiling of another claim under the same statute would not change either the limitations period or Quincy's substantive defense to that claim, no matter where the lawsuit was

4

filed. Plaintiff's statutory claim would remain time-barred. Therefore, this case is distinguishable from the situation discussed in *Metropolitan Fed. Bank of Iowa, F.S.B.* as Quincy cannot demonstrate that it will be deprived of its substantive defense to this claim should plaintiff ever reassert it.

Quincy's real complaint is that, if dismissal is granted, plaintiff is free to pursue other, non-statutory claims against it relating to the sale of the tractor -- claims that, if summary judgment were granted, Quincy would undoubtedly argue were barred by res judicata. Yet this factor is not relevant in a determination of legal prejudice. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen*, 770 F.3d at 728 (quoting *Kern*, 738 F.2d at 970). "An evaluation of the res judicata effects normally would not be part of the Rule 41(a)(2) analysis . . . ." *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 161 (1st Cir. 2000). "The expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice," nor does the loss of a "tactical advantage." *Mullen*, 770 F.3d at 728.

Finally, Quincy argues that it is prejudiced because the statute would permit it, as a party prevailing on its limitations defense, to recover from plaintiff its reasonable attorney's fees and expenses incurred in this case. To ameliorate any potential prejudice to Quincy, the Court may condition dismissal upon such terms as it deems proper, which may include the payment of reasonable attorney's fees

and costs. *See Kern*, 738 F.2d at 971-72. The Court will accordingly order that any discovery obtained in this case may be used in any subsequent case filed against Quincy by the plaintiff, and if plaintiff attempts to reassert a claim for relief under Mo. Rev. Stat. § 407.585, then plaintiff must pay Quincy's reasonable attorney's fees and costs incurred in defending this action before that claim may proceed.

Voluntary dismissal will not deprive Quincy of its valid statute of limitations defense, which it remains free to reassert in any subsequent action brought by plaintiff under Mo. Rev. Stat. § 407.585. Not only is Quincy entitled to reassert its defense, it is also entitled to the recovery of reasonable attorney's fees and costs before plaintiff could even proceed on such a claim, thus obviating any legal prejudice to Quincy caused by voluntary dismissal. Where a defendant has not made "the requisite showing of prejudice," the district court has "broad discretion to grant or deny [the] motion and [is] free to consider the full range of factors relevant to the exercise of that discretion." *Metropolitan Fed. Bank of Iowa, F.S.B.*, 999 F.2d at 1263. After careful consideration of all the relevant factors, the Court will grant plaintiff's motion for voluntary dismissal without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for voluntary dismissal [47] is granted, and plaintiff's claim against defendant Quincy Tractor is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff should assert a claim for relief under Mo. Rev. Stat. § 407.585 against defendant Quincy Tractor, LLC which arises out of the same transaction or occurrence that is the subject matter of plaintiff's claim in this case, then he must first pay Quincy Tractor, LLC its reasonable attorney's fees and costs incurred in this action before he is permitted to proceed on such a claim.

**IT IS FURTHER ORDERED** that any discovery obtained by plaintiff from Quincy Tractor, LLC and any discovery obtained by Quincy Tractor, LLC from plaintiff may be used, to the extent it is deemed admissible, in any subsequent action between these two parties which arises out of the same transaction or occurrence that is the subject matter of plaintiff's claim in this case.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2019.